IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EFMC INTERNATIONAL, INC., | : | |
| | : | |
| Plaintiff, | : | No. 4:05-CV-1289 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| LEEP, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**M E M O R A N D U M**

December 12, 2006

**BACKGROUND:**

On June 28, 2005, plaintiff, EFMC International, Inc. ("EFMC"), instituted this civil action against defendant, Leep, Inc. ("Leep"). In its amended complaint, plaintiff alleges that defendant failed to fulfill its obligations under a contract that was entered into in June, 2002. The amended complaint seeks recovery under various contract theories including breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), quantum meruit (Count IV), breach of settlement agreement (Count V), and fraud in the inducement (Count VI).

This order stems from a pattern of nonparticipation in this case by the

defendant and its counsel. The first instance of this conduct occurred when the parties voluntarily agreed to mediation in this case. After a mediator was selected and the mediation was scheduled, defendant decided that it would not send an agent to the mediation who had any authority to resolve the dispute, thus rendering the mediation useless. Thereafter, the mediation was cancelled.

The next instance of nonparticipation came during discovery. Plaintiff served requests for admission upon defendant. Defendant did not respond to these requests. Plaintiff then filed a motion for summary judgment, arguing that the failure to respond resulted in each request being deemed admitted. (Rec. Doc. No. 14.) It relied on these deemed admissions to show that there was no disputed material fact. Defendant failed to reply to this motion within the ten days set forth by the local rules. Yet, prior to a decision by us on plaintiff's motion, the defendant was finally heard from. It filed a declaration in opposition to plaintiff's motion for summary judgment (Rec. Doc. No. 17), a motion to enlarge time for responding to request for admissions and to allow withdrawal of admissions deemed made for failure to respond in thirty days (Rec. Doc. No. 18), and provided responses to the original requests for admissions.

In an order dated September 19, 2006, this court allowed the defendant to withdraw its deemed admissions. In doing so, we noted that we had complete

discretion whether to allow the admissions to stand or allow defendant to withdraw the admissions and cure any prejudice to plaintiff by other means.  Because we felt it important to decide the case on the merits, we allowed the defendant to withdraw the admissions.  To cure prejudice to the plaintiff, we extended the discovery deadline and ordered defendant's counsel to pay to the plaintiff's attorney fees incurred in the filing of the various motions and briefs associated with defendant's lack of participation in the case.  Furthermore, the order stated that if the parties agreed to the amount to be paid by defendant's counsel within ten days, that amount shall be paid within thirty days of the date of the order.

Both parties agreed to the amount of $25,003.80 within the ten-day period.  Yet, defendant's counsel did not pay the amount by October 19, 2006, which was required by the September 19, 2006 order.  On October 27, 2006, the plaintiff filed a motion for contempt for defendant's failure to adhere to the court order., and the same day filed a supporting brief.  As usual, the defendant and its counsel did not reply to this motion.  We scheduled a hearing on plaintiff's motion, which was conducted on December 8, 2006.  Counsel for plaintiff and local counsel for defendant were both present at the hearing.

During the hearing, local counsel for defendant conceded that both parties agreed to the amount of $25,003.80.  He also conceded that he was in violation of

the court's September 19, 2006 order. He attempted to justify his conduct by stating that defendant's primary counsel operates out of Washington state, and that he had been retained as local counsel for the sole purpose of filing documents with the court.

The hearing produced yet more evidence of defendant's dilatory conduct. As already discussed, the court's September 19, 2006 order extended the discovery deadline until December 1, 2006. Plaintiff attempted to depose several employees of the defendant prior to this new deadline, but these requests went unanswered. Plaintiff argued that this new violation of the discovery rules, coupled with the past violations and nonparticipation in the case, entitled plaintiff to entry of judgment by default as the only meaningful sanction available to the court.

When the court asked defendant's local counsel why judgment by default should not be entered against his client, he had very little to argue. He conceded that defendant consistently failed to participate in the case and that plaintiff had been prejudiced by this failure. He did allude to the fact that defendant may be experiencing financial difficulties as a reason for the failure to pay the money owed pursuant to the court order. Finally, he stated that his client has indicated that it has a meritorious defense, and this should be considered when deciding whether to enter default judgment.

At the hearing, counsel for both parties were able to agree to several things. Both parties agreed that the original $25,003.60 must be paid pursuant to the court order. They also agreed that interest at a rate of six percent from October 19, 2006 should be added to this amount. They agreed that this amount should be reduced by a payment of $8,500.00 received by plaintiff's counsel from defendant's Washington state counsel on December 7, 2006. Finally, the parties agreed to the amount of $10,000.00 for plaintiff's expenses in bringing the motion for contempt. This amount represents payment for time spent preparing the original contempt motion and supporting brief, preparing for the hearing, traveling to and from the courthouse, and the time actually spent at the hearing.

Thus, the court has before it plaintiff's unopposed motion for contempt. Now, for the following reasons, the court confirms its finding in open court that local counsel for defendant is in contempt of the court's September 19, 2006 order. Furthermore, the court will grant the extreme sanction of entering default judgment in favor of plaintiff and against defendant.

**DISCUSSION:**

## I.  Plaintiff's Motion for Contempt

In order to show civil contempt, the party seeking contempt must establish the following by clear and convincing evidence: (1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the defendants disobeyed the order.  <u>Roe v. Operation Rescue</u>, 54 F.3d 133, 137 (3d Cir. 1995).

In the present case, the court finds that all of the elements are present by clear and convincing evidence.  On September 19, 2006, this court ordered counsel for defendant to pay plaintiff's attorney fees incurred in the filing of the various motions and briefs listed in the order.  Furthermore, the order stated that if the parties agreed to the amount to be paid by defendant's counsel within ten days, that amount shall be paid within thirty days of the date of the order.  This order clearly satisfies the first element of a claim for civil contempt.  At the evidentiary hearing, local counsel for defendant readily conceded that the parties were able to agree to the amount of $25,003.80 within the ten-day period.  This shows the court that defense counsel had knowledge of the court's order, satisfying the second element.  Finally, defense counsel conceded that it failed to pay the amount due within the thirty-day period required by the court order.  This satisfies the third element.  Thus, all elements of a civil contempt charge are present.  Furthermore, it is worth noting

that defendant's local counsel readily admitted he was in contempt at the hearing.

The next issue before the court is how to remedy the contempt. At the hearing, the parties were able to agree on the amount owed, and this amount is outlined in the order that accompanies this memorandum. Local defense counsel appears reluctant to pay this money out of his own pocket. He claims that he was counsel of record solely to file documents with the court, and he has no knowledge of what those documents contain or what the case is even about. Still, local counsel accepted responsibility for this case by becoming the sole counsel of record. Quite frankly, this court does not care where the money comes from, whether it be from himself and his firm, Washington state counsel, or the defendant itself. The court will hold him responsible because he was the only counsel of record when this court entered its September 19, 2006 order requiring the payment of attorney's fees by defense counsel.[1] Therefore, we will order local counsel to pay those attorney's fees outlined in the accompanying order on or before December 29, 2006. If local counsel is unable to obtain the money from Washington state counsel or defendant itself by this date, then he will either have to pay the money out of his or his firm's own pocket or prove the affirmative defense of inability of himself and his firm to

---

[1] It is noted that Washington state counsel was admitted pro hac vice on September 21, 2006.

pay the amount due.

## II.  Entry of Default Judgment

Rule 37 of the Federal Rules of Civil Procedure governs the imposition of sanctions for the failure to cooperate during discovery.  Specifically, Rule 37© authorizes the court to enter default judgment against a disobedient party.  Fed. R. Civ. P. 37© & 37(b)(2)©.

The Third Circuit has set out a test to determine whether the extreme sanction of default judgment is appropriate.  Poulis v. State Farm and Fire Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  This case sets out six factors to consider when deciding whether to enter default judgment as a sanction:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal [or entry of default judgment]; and (6) the meritoriousness of the claim or defense.  Id. at 868; see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990) (discussing sanctions, Poulis factors, and authority of entering default judgment under Rule 55 for failure to answer or otherwise defend).

The first factor requires the court to determine whether defendant itself is

responsible for the dilatory comment. At the contempt hearing, local counsel for defendant conceded that defendant itself is responsible for a large part of the dilatory conduct. Local counsel stated that it was the defendant itself that refused to send an agent with authority to the mediation and thus caused it to be cancelled. Additionally, it was the defendant who did not offer several of its employees for depositions, causing a violation of the discovery rules. Thus, the first factor of the Poulis test is clearly satisfied.

The second factor requires the court to determine whether plaintiff has been prejudiced by defendant's conduct. Again, local counsel also conceded at the hearing that plaintiff has been prejudiced. Indeed, the discovery deadline has passed once again without plaintiff obtaining discovery to which it is rightfully entitled. Additionally, the failure to attend the mediation caused both embarrassment and the loss of a chance to resolve the dispute. Finally, the failure to pay the monetary sanction imposed by this court is also clear prejudice. Thus, the second factor appears to be satisfied as well.

The third factor requires a determination as to whether defendant has displayed a history of dilatoriness in the case. We need not restate all of the defendant's conduct. It is clear that defendant has been dilatory since the beginning of this case and continues to be so while this order is being written. Thus, the third

factor is satisfied.

The fourth factor requires the court to determine whether the conduct of the party or attorney was willful or in bad faith.  Local counsel's only argument to show that this factor might not be present was the fact that defendant is experiencing financial difficulties and may not be able to pay the sanctions imposed by the court.  This explanation offers absolutely no excuse why defendant failed to reply to requests for admission, offer its employees for depositions, or to show up for the mediation to which it had previously agreed.  Thus, the fourth factor is satisfied as well.

The fifth factor requires the court to consider the effectiveness of sanctions other than entry of judgment.  The defendant's conduct nearly caused it to lose this case when it refused to respond to plaintiff's request for admissions.  In that situation, we reluctantly allowed defendant to withdraw those deemed admissions.  This allowed defendant to show a disputed material question of fact and avoid the grant of summary judgment.  Despite this favorable ruling for defendant, it continued to fail to participate in this case.  Again, it refused to comply with the discovery rules, failed to pay monetary sanctions pursuant to the court's order, and failed to respond to plaintiff's motion for contempt.  The court has only so much patience, and it is clear that other sanctions are not effective against this defendant.

Thus, the fifth factor is satisfied as well.

Finally, the sixth factor requires the court to examine the meritoriousness of the claim or defense. While local defense counsel stated that his client says it has a meritorious defense, we do not find this simple statement to be enough to avoid a grant of default judgment. If simply saying one has a meritorious defense was enough, a court would never be able to grant default judgment. A defendant could always state at the last minute that it has a meritorious defense and avoid the default judgment. Furthermore, we believe defendant's failure to participate is evidence that it might not have a meritorious defense. Indeed, Rule 37(c)(1) of the Federal Rules of Civil Procedure, which governs sanctions for violations of the discovery rules, contains informing the jury of a party's disobedience as a possible sanction for such disobedience. Thus, we find that the sixth factor is satisfied.

All six factors set forth in Poulis for imposing the extreme sanction of judgment by default have been satisfied. Therefore, the court finds it appropriate to grant default judgment for the plaintiff. The next issue the court must consider is what amount of damages are appropriate. Plaintiff's amended complaint states that the original contract amount was $180,000. While defendant may argue it is entitled to a trial on the issue of damages, we do not believe that this is the case. Defendant lost its right to contest damages in the same exact manner it lost its right

to contest liability.  Were we to grant defendant the right to challenge the amount of damages to award, we would surely be faced with the same dilatory conduct we have been dealing since the beginning of the case.  Therefore, damages in the amount of $180,000.00 are appropriate.

    In summary, in light of the factors enunciated in <u>Poulis</u> and for all of the reasons discussed above, we will take the extreme measure of entering default judgment in favor of the plaintiff and against the defendant.

                       s/ James F. McClure, Jr.
                         James F. McClure, Jr.
                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EFMC INTERNATIONAL, INC.,     :

|  |  |  |
|---|---|---|
| Plaintiff, | : | No. 4:05-CV-1289 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| LEEP, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

December 12, 2006

For the reasons set forth in the accompanying memorandum, IT IS ORDERED THAT:

1.  Plaintiff's Motion for Contempt is granted. (Rec. Doc. No. 39).

2.  Defendant's local counsel shall pay to plaintiff twenty-five thousand and three dollars and eighty cents ($25,003.80), less the eighty-five hundred dollars ($8,500.00) already received, or a total principal of $16,503.80, on or before December 29, 2006.

3.  Interest shall likewise be payable on or before December 29, 2006 at the rate of 6 percent per annum on the sum of $25,003.80 for the

1

period October 19, 2006 to December 7, 2006 and on the sum of $16,503.80 from December 8 to December 29, 2006.

4. Defendant's local counsel shall pay to plaintiff an additional ten thousand dollars ($10,000.00) on or before December 29, 2006.

5. If defendant's local counsel fails to comply in a timely fashion with the directives in paragraphs 2, 3 and 4 above, the court will direct local counsel to show cause why he should not be taken into custody by the United States Marshals Service until he has been purged of the contempt.

6. Final judgment by default is entered in favor of the plaintiff EFMC and against defendant Leep, in the sum of $180,000.00.

7. The clerk is directed to close the case file.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge