IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EFMC INTERNATIONAL, INC., | : | |
| | : | |
| Plaintiff, | : | No. 4:05-CV-1289 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| LEEP, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

January 26, 2007

**BACKGROUND:**

On June 28, 2005, plaintiff, EFMC International, Inc. ("EFMC"), instituted this civil action against defendant, Leep, Inc. ("Leep"). In its amended complaint, plaintiff alleges that defendant failed to fulfill its obligations under a contract that was entered into in June, 2002. The amended complaint seeks recovery under various contract theories including breach of contract (Count I), promissory estoppel (Count II), unjust enrichment (Count III), quantum meruit (Count IV), breach of settlement agreement (Count V), and fraud in the inducement (Count VI).

On December 12, 2006, after months of nonparticipation by Leep and its

1

counsel, we granted the extreme sanction of entering default judgment in favor of EFMC and against Leep in the amount of $180,000. In the same order, we ordered defendant's counsel to pay a total of $26,503.80 plus interest by December 29, 2006.

On December 22, 2006, Leep filed a motion for reconsideration. In its motion, Leep does not argue that the entry of default judgment was in error. Instead, it argues that the amount of the damages is incorrect. Opposing and reply briefs have been filed and the matter is now ripe for disposition. Now, for the following reasons, the court will vacate its December 12, 2006 entry of default judgment in the amount of $180,000 and will enter default judgment in the amount of $80,000.

**DISCUSSION:**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citations omitted), cert. denied, 476 U.S. 1171 (1986). Therefore, a court may properly grant a party's motion for reconsideration in any of the following circumstances: (1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or

(3) the need to correct a clear error of law or prevent a manifest injustice.  <u>Max's Seafood Café ex rel. Lou-Ann Inc. vs. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).  The granting of a motion to reconsider is an extraordinary remedy and a court should not do so when the motion is merely a re-styling or rehash of issues previously presented.  <u>McConocha v. Blue Cross and Blue Shield Mutual of Ohio</u>, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996).  A court should consider neither new evidence nor a new legal theory which could have been presented on the original motion, taking into account due diligence.  <u>Id.</u>  Mere disagreement with the court is a ground for an appeal, not a motion for reconsideration.  <u>Id.</u>

    First, we note that our December 12, 2006 order entering default judgment against Leep was not the product of any written motion by EFMC that was followed by supporting, opposition, and reply briefs.  Instead, the issue arose at a motion for contempt hearing against Leep's counsel.  Leep's motion for reconsideration argues that the amount of damages awarded was a clear error of law, and thus it is properly considered by us under the Third Circuit's standard for a motion for reconsideration set out in <u>Max's Seafood Café</u>.

    A brief summary of EFMC's amended complaint is necessary to determine whether the amount of damages should be reduced.  In its amended complaint, EFMC alleged that it entered into a contract with Leep where it would help Leep

obtain financing.  (Rec. Doc. No. 2-1, at ¶ 10.)  In return for its help, EFMC would receive a percentage of the amount of financing it obtained for Leep under a set compensation schedule.  (Id. at ¶ 11.)  EFMC then alleged that it was able to obtain a four million dollar loan which it called the "Donovan/Northlight deal."  (Id. at ¶¶ 27, 37.)  Yet, prior to Leep's acceptance of the Donovan/Northlight deal, EFMC and Leep agreed that EFMC's compensation under this deal would be two percent of the $4,000,000 ($80,000), not the compensation it would have obtained under the original compensation schedule.  (Id. at ¶¶ 32-34, 37-39.)  After the closing of the deal, EFMC alleges that it sent an invoice to Leep in the amount of $80,000 which was never paid.  (Id. at ¶ 39.)  Thus, it seems clear to us that damages should be reduced to $80,000, the sum the parties agreed to prior to Leep's acceptance of the Donovan/Northlight deal.

    Not surprisingly, EFMC argues that the damages should not be reduced from $180,000 to $80,000.  (Pl.'s Br. in Opp'n, Rec. Doc. No. 53, at 10.)  It offers two reasons for doing so.  First, it argues that it has sought compensation in the amount of $180,000 through the litigation.  Second, it argues that Leep conceded to the amount of $180,000 at the hearing on a motion to contempt when the issue of default judgment first arose.  Neither of these arguments is convincing to us.

    EFMC's argument that it has sought compensation of $180,000 throughout

the litigation appears to be inaccurate. EFMC's amended complaint makes it clear that prior to Leep's accepting the Donovan/Northlight deal, EFMC and Leep agreed to a reduced amount of compensation. This was presumably part of an arms-length bargaining process in order to induce Leep to take the Donovan/Northlight deal, which it had no obligation to do. EFMC's amended complaint does not argue that the reduced amount is somehow invalid. Instead, the complaint clearly states that it sent invoices to Leep in the amount of $80,000. Therefore, it appears that EFMC has only sought compensation in the amount of $80,000.

Furthermore, the fact that Leep's counsel did not argue against the award of $180,000 at the motion for contempt hearing is also unpersuasive as a reason not to modify the damages. After reviewing the transcript, it is true that Leep's counsel did not argue against the default judgment in the amount of $180,000. Yet, we believe it became entirely clear at that hearing that Leep's counsel of record was only the counsel of record in order to file paperwork for Leep's true attorney, who was from Washington state. Regardless of whether the court thinks it wise or not to file papers with the court without knowledge of what those papers contain or what the case is even about, counsel did so and was put on the spot at a hearing on EFMC's motion for contempt about whether the court should issue default

judgment against Leep. He had no prior knowledge that this issue may arise at this hearing. We simply cannot uphold our award of $180,00 on this basis alone, because doing so would be a windfall for EFMC.

To the extent that Leep seeks even lower damages in the amount of $48,000, we do not agree that this is appropriate. In its amended complaint, EFMC alleged that it reached a settlement agreement with Leep in the amount of $48,000 between the filing of the initial complaint and the filing of the amended complaint. (Id. at ¶ 66.) Leep failed to comply with this agreement, forcing EFMC to go forward with the case. It would not make sense to bar EFMC from recovering more than this amount, because the reduced amount of $48,000 presumably reflects the savings in litigation costs that EFMC was never able to realize. Therefore, we do not find that damages in the amount of $48,000 are appropriate.

Finally, we note that we have received no word from either party as to whether the amounts ordered to be paid by defendant's counsel in our December 12, 2006 order have in fact been paid. We need to know if our order has been complied with, and will therefore ask plaintiff to inform the court as to whether these amounts have in fact been paid.

**CONCLUSION:**

Because the plaintiff's amended complaint makes it clear to us that the appropriate amount of damages is $80,000, we will amend our judgment to be in that amount.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant Leep's Motion For Reconsideration is granted. (Rec. Doc. No. 46-1.)

2. That portion of the court's order dated December 12, 2006 that granted default judgment in the amount of $180,000 is vacated and default judgment in the amount of $80,000 is entered in favor of plaintiff and against defendant.

3. Plaintiff is ordered to inform the court by February 2, 2007 as to all amounts received from defendant's counsel pursuant to our December 12, 2006 order.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge